F I L E D
Clerk
District Court

OCT 27 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Criminal Case No. 03-00002 |
| ) | | |
| Plaintiff ) | | |
| ) | | ORDER AFTER REMAND |
| v. ) | | VACATING ORIGINAL |
| ) | | SENTENCE OF IMPRISON- |
| WANG, Yang, also known as ) | | MENT AND IMPOSING NEW |
| "Mafia," ) | | SENTENCE OF IMPRISON- |
| ) | | MENT |
| Defendant ) | | |
| _____ ) | | |

THIS MATTER is before the court from the U.S. Court of Appeals for the Ninth Circuit, which remanded the sentence "for further proceedings consistent with United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005) (*en banc*)." The mandate issued October 11, 2005, and was received by the court on October 19, 2005.

THE COURT has reviewed the court file, the presentence report, and the sentence imposed upon defendant. Had the court known on the day of sentencing that the sentencing guidelines were advisory and not mandatory, the court would have

AO 72
(Rev. 8/82)

imposed a materially different sentence on defendant, for the following reasons.

At arraignment on February 23, 2003, defendant entered a plea of guilty to two counts of distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). There was no plea agreement, although defendant entered his guilty plea after consulting with counsel. Defendant was sentenced on May 27, 2003, to 57 months' imprisonment, which was the shortest sentence permissible under the sentencing guidelines.

However, in computing defendant's guideline range, the court added two points to the base offense level of 26, due to the presence of a firearm at defendant's abode, resulting in an adjusted offense level subtotal of 28. The court then gave defendant a three-point reduction for his immediate and unequivocal acceptance of responsibility, resulting in a total offense level of 25 and a guideline imprisonment range of 57 to 71 months.

Because the court added two points for the presence of the firearm, and because defendant did not admit the gun was his and the fact was not proved beyond a reasonable doubt to the court, the court concludes the two-point addition was an unpreserved Booker[1] error that affected defendant's substantial rights. The error would have materially altered the sentence imposed on defendant by the court because the sentencing guidelines range would then have been 46 to 57 months, and

---

[1] United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).

the court would still have sentenced defendant to the lowest end of the then-applicable guideline range.

Accordingly, in response to the remand order, for the reasons stated above, and in the interests of preserving the resources of the court, the Probation Office, the U.S. Marshal, and the Bureau of Prisons,

IT IS ORDERED that the portion of defendant's original sentence that related to his term of imprisonment for 57 months be and hereby is vacated; and,

IT IS FURTHER ORDERED that defendant be and hereby is sentenced to a term of imprisonment of 46 months. The court believes it is appropriate to refer to the advisory guidelines and again finds it just to sentence defendant to the shortest sentence available based on a re-computed advisory total offense level of 23. His term of imprisonment shall be deemed to have commenced on his original date of incarceration, which took into account any time he had served while awaiting his original sentencing; and,

IT IS FURTHER ORDERED that all other aspects of the original sentence imposed on defendant shall remain unchanged and shall continue in full force and effect.

Should defendant desire a full sentencing hearing, he shall notify the court

within ten (10) days of his receipt of this order. If the court does not receive such notification, it will amend the judgment to reflect the contents of this order.

DATED this 27th day of October, 2005.

_____
ALEX R. MUNSON
Judge