F I L E D
Clerk
District Court

FEB 1 5 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CR- 03-000002                              February 15, 2006
                                           9:30 a.m.

### UNITED STATES OF AMERICA -v- WANG, Yang aka "Mafia"

PRESENT:    HON. ALEX R. MUNSON, Chief Judge Presiding
            SANAE SHMULL, Official Court Reporter
            K. LYNN LEMIEUX, Courtroom Deputy
            TIMOTHY MORAN, Assistant U. S. Attorney
            ANTHONY LONG,  Counsel for Defendant
            WANG, YANG, Defendant

PROCEEDING:       RE-SENTENCING

Defendant was present with his court appointed counsel, Attorney Anthony Long. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Melinda Brunson and Margarita Wonenberg.

Lisa Demoux was sworn as interpreter/translator of the Mandarin language.

Defendant was sworn and examined as to his understanding of his constitutional rights and his understanding of the proceedings.

The defendant was named in a two count indictment filed in the United States District Court of the Northern Mariana Islands on February 5, 2003. The indictment charged that on or about December 12, 2002 and December 30, 2002 that the defendant committed the offenses of distribution and possession with intent to distribute a controlled substance. The Defendant, without a plea agreement, entered a guilty plea to the two charges on February 20, 2003. Defendant was sentenced on May 27, 2003. The Ninth Circuit remanded the sentence for further proceedings.

Counsel argued the matter of a 2 point enhancement ( for the possession of a firearm) to the calculate the total offense level.

No objection by the government or defense of the **amended** presentence report.

Attorney Long argued for the removal of the two-point enhancement for possession of the firearm. Government requested that the application of the two point enhancement remain.

Court, after hearing all argument, ORDERED that the two-point enhancement was appropriate.

Court adopted the **amended** presentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The

probation officer's recommendation shall also be placed under seal. No objection by the parties other than previously stated in their arguments.

Government moved for a 5K1.1 departure to a guideline **level 23** and a **46 months** sentence at the low end of the guidelines. Defense moved for a sentence of **36 months** and requested to put on evidence to support that request.

Court recessed at 10:00 a.m. and reconvened at 10:05 a.m.

Defense called witness:

**JIANG, Li Xia.** DX. CX.

**WANG, Yang.** (Defendant). DX. CX.

Defense offered **Exhibits A** and **B** into evidence; no objection by the Government, Court so received.

Court, after hearing argument and testimony, GRANTED the motion for a 5k1.1 departure.

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **WANG, YANG** is hereby sentenced to a term of imprisonment of **41 months** for each count and the terms will run concurrently.

Upon release from imprisonemnt, the defendant shall be placed on supervised release for a term of three years for each count, the terms shall run concurrently. The terms of supervised release will include the following conditions:

1. The defendant shall be delivered to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. The defendant shall obey all federal, state and local laws;

3. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Probation Office;

4. The defendant shall not possess a firearm or other dangerous weapon or have such at his residence;

5. The defendant shall not use or possess illegal controlled substances;

6. The defendant shall refrain from the use of any and all alcoholic beverages;

7. The defendant shall submit to one urinalysis test within 15 days of release from custody and at least two periodic tests thereafter, not to exceed eight tests per month, as directed by the U.S. Probation Officer;

8. The defendant shall be assess for substance or alcohol abuse. If it is determined that he is in need of treatment, he shall participate in a substance abuse program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance abuse. The defendant shall also make a payment for treatment at a rate to be determined by the U.S. Probation Office;

9. The defendant shall obtain and maintain gainful employment; and

10. The defendant shall perform 400 hours of community service under the direction of the U.S. Probation Office.

Court ordered that the defendant pay a $200.00 assessment fee. Defense stated that the assessment fee had already been paid. All fines were waived.

No objection to the sentence by the attorneys. Defendant was advised of his right to appeal the sentence; if he or his attorney feel that there is a reason to appeal they must do so within 10 days. Further, the defendant was advised of his right to an attorney for appeal.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 10:45 a.m.

K. Lynn Lemieux, Courtroom Deputy

C O P Y of
Original Filed
on this date

1 | Kia.FIN

MAY - 3 2004

2 | LEONARDO M. RAPADAS
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Sirena Plaza, Suite 500
108 Hernan Cortez
5 | Agana, Guam 96910
Telephone: (671) 472-7332/7283
6 | Telecopier: (671) 472-7334

Clerk
District Court
for The Northern Mariana Islands

7 | Attorneys for United States of America

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN MARIANA ISLANDS

10

11 | UNITED STATES OF AMERICA,               )    CIVIL CASE NO. 03-0020
                                          )
12 |                   Plaintiff,          )
                                          )
13 |        vs.                            )    **FINAL ORDER OF FORFEITURE**
                                          )
14 | ONE 1998 KIA AUTOMOBILE,             )
     MODEL SEPHIA,                         )
15 | VIN KNAFB1219W5740266,                )
                                          )
16 |                   Defendant.          )
_____)

17

18      **WHEREAS**, on February 13, 2004, this Court entered a Preliminary Order of Forfeiture

19 | forfeiting the defendant One 1998 Kia Automobile, Model Sephia, VIN KNAFB1219W5740266

20 | to the United States of America;

21      **AND WHEREAS**, on March 12, 2004, March 19, 2004 and March 26, 2004, the United

22 | States published in a newpaper of general circulation, notice of this forfeiture and of the intent

23 | of the United States to dispose said property in accordance with the law and further notifying all

24 | third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate

25 | the validity of their alleged legal interest in the property;

26      **AND WHEREAS**, the Court has been advised that no such petitions have been filed.

27      Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** that the United

28 |                                    -1-

1   States Marshal shall forthwith seize the forfeited property and dispose of it in accordance with

2   the law;

3          It is further **ORDERED, ADJUDGED and DECREED**:

4          That pursuant to Title 21, United States Code, Section 853(n), that the right, title and

5   interest to all of the hereinafter described property is hereby condemned, forfeited and vested in

6   the United States of America, and shall be disposed of according to law:

7          **a) One 1998 Kia Automobile, Model Sephia, VIN KNAFB1219W5740266.**

8          That any and all forfeited funds, including but not limited to currency, currency

9   equivalents and certificates of deposit, as well as any income derived as a result of the United

10  States Marshals management of any property forfeited herein, and the proceeds from the sale of

11  any forfeited property, after the payment of costs and expenses incurred in connection with the

12  forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the

13  United States Marshal Service into the Department of Justice Asset Forfeiture Fund in

14  accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code,

15  Section 881(e).

16         The Clerk is hereby directed to send copies of this Order to all counsels of record and

17  three certified copies to the United States Marshal Service.

18         DATED this ___3rd___ day of ~~April,~~ *May* 2004.

19

20                                          _Alex R. Munson_

21                                          ALEX R. MUNSON
                                            Judge

22  Presented by:

23  LEONARDO M. RAPADAS
    United States Attorney
24  Districts of Guam and the NMI

25  By: _____

26      KARON V. JOHNSON
        Assistant U.S. Attorney

27

28                                      -2-

FILED
Clerk
District Court

MAY - 3 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1    $8600.FIN

2    LEONARDO M. RAPADAS
     United States Attorney

3    KARON V. JOHNSON
     Assistant U.S. Attorney

4    Sirena Plaza, Suite 500
     108 Hernan Cortez

5    Agana, Guam 96910
     Telephone: (671) 472-7332/7283

6    Telecopier: (671) 472-7334

**FAX IN**
05/03/04
Jones

7    Attorneys for United States of America

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN MARIANA ISLANDS

10

11    UNITED STATES OF AMERICA,      )    CIVIL CASE NO. 03-0019

12       Plaintiff,                )

13         vs.                    )    **FINAL ORDER OF FORFEITURE**

14    $8,600.00 UNITED STATES CURRENCY, )

15       Defendant.           )

16

17    **WHEREAS**, on February 13, 2004, this Court entered a Preliminary Order of Forfeiture

forfeiting the defendant $8,600.00 United States Currency to the United States of America;

18

19    **AND WHEREAS**, on March 12, 2004, March 19, 2004 and March 26, 2004, the United

States published in a newspaper of general circulation, notice of this forfeiture and of the intent

20

of the United States to dispose said property in accordance with the law and further notifying all

21

third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate

22

the validity of their alleged legal interest in the property;

23

   **AND WHEREAS**, the Court has been advised that no such petitions have been filed.

24

   Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** that the United

25

States Marshal shall forthwith seize the forfeited property and dispose of it in accordance with

26

the law;

27

28                              -1-

ORIGINAL

1      It is further **ORDERED, ADJUDGED and DECREED**:

2      That pursuant to Title 21, United States Code, Section 853(n), that the right, title and

3   interest to all of the hereinafter described property is hereby condemned, forfeited and vested in

4   the United States of America, and shall be disposed of according to law:

5      **a) Eight Thousand Six Hundred Dollars ($8,600.00) United States Currency**.

6      That any and all forfeited funds, including but not limited to currency, currency

7   equivalents and certificates of deposit, as well as any income derived as a result of the United

8   States Marshals management of any property forfeited herein, and the proceeds from the sale of

9   any forfeited property, after the payment of costs and expenses incurred in connection with the

10  forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the

11  United States Marshal Service into the Department of Justice Asset Forfeiture Fund in

12  accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code,

13  Section 881(e).

14     The Clerk is hereby directed to send copies of this Order to all counsels of record and

15  three certified copies to the United States Marshal Service.

16     DATED this _3RD_ day of ~~April~~ _MAY_, 2004.

17

18                          _Alex R. Munson_

ALEX R. MUNSON

19                          Judge

20  Presented by:

21  LEONARDO M. RAPADAS

   United States Attorney

22  Districts of Guam and the NMI

23

   By: _Karon V. Johnson_

24       KARON V. JOHNSON

     Assistant U.S. Attorney

25

26

27

28                        -2-

F I L E D
Clerk
District Court

MAY - 3 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1   Kia.FIN

2   LEONARDO M. RAPADAS
    United States Attorney
3   KARON V. JOHNSON
    Assistant U.S. Attorney
4   Sirena Plaza, Suite 500
    108 Hernan Cortez
5   Agana, Guam 96910
    Telephone:  (671) 472-7332/7283
6   Telecopier: (671) 472-7334

7   Attorneys for United States of America

**FAX IN**
05/03/04

8

9                  IN THE UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN MARIANA ISLANDS

11   UNITED STATES OF AMERICA,        )        CIVIL CASE NO. 03-0020
                                      )
12                Plaintiff,          )
                                      )
13        vs.                         )        **FINAL ORDER OF FORFEITURE**
                                      )
14   ONE 1998 KIA AUTOMOBILE,         )
     MODEL SEPHIA,                    )
15   VIN KNAFB1219W5740266,           )
                                      )
16                Defendant.          )
     _____)

17
       **WHEREAS**, on February 13, 2004, this Court entered a Preliminary Order of Forfeiture
18
     forfeiting the defendant One 1998 Kia Automobile, Model Sephia, VIN KNAFB1219W5740266
19
     to the United States of America;
20
       **AND WHEREAS**, on March 12, 2004, March 19, 2004 and March 26, 2004, the United
21
     States published in a newspaper of general circulation, notice of this forfeiture and of the intent
22
     of the United States to dispose said property in accordance with the law and further notifying all
23
     third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate
24
     the validity of their alleged legal interest in the property;
25
       **AND WHEREAS**, the Court has been advised that no such petitions have been filed.
26
     Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** that the United
27

28                                            -1-

**ORIGINAL**

1 States Marshal shall forthwith seize the forfeited property and dispose of it in accordance with

2 the law;

3      It is further **ORDERED, ADJUDGED and DECREED**:

4      That pursuant to Title 21, United States Code, Section 853(n), that the right, title and

5 interest to all of the hereinafter described property is hereby condemned, forfeited and vested in

6 the United States of America, and shall be disposed of according to law:

7      **a) One 1998 Kia Automobile, Model Sephia, VIN KNAFB1219W5740266.**

8      That any and all forfeited funds, including but not limited to currency, currency

9 equivalents and certificates of deposit, as well as any income derived as a result of the United

10 States Marshals management of any property forfeited herein, and the proceeds from the sale of

11 any forfeited property, after the payment of costs and expenses incurred in connection with the

12 forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the

13 United States Marshal Service into the Department of Justice Asset Forfeiture Fund in

14 accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code,

15 Section 881(e).

16      The Clerk is hereby directed to send copies of this Order to all counsels of record and

17 three certified copies to the United States Marshal Service.

18      DATED this ___3RD___ day of ~~April~~ MAY, 2004.

19

20                              _____
                               ALEX R. MUNSON

21                                Judge

22 Presented by:

23 LEONARDO M. RAPADAS
    United States Attorney

24 Districts of Guam and the NMI

25 By: _____

26      KARON V. JOHNSON
      Assistant U.S. Attorney

27

28                                   -2-